**Opinion filed March 5, 2015**



# In The

# Eleventh Court of Appeals

_____

## No. 11-14-00238-CR

_____

## ALBERT MELVIN PIATT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 14229**

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, Albert Melvin Piatt pleaded guilty in March 2010 to the second-degree felony offense of sexual assault. The trial court deferred a finding of guilt, placed Appellant on deferred adjudication community supervision for a term of ten years, and assessed a fine of $3,500. In July 2014, the State filed a motion to proceed to an adjudication of guilt based upon alleged violations—numbered 1 to 6b in the motion—by Appellant of the terms and conditions of his community supervision. At a hearing on the motion, Appellant

pleaded "not true" to allegation 1 and "true" to allegations 2, 3, 4, 5, 6a, and 6b. After receiving evidence, the trial court found all the State's allegations to be true, adjudicated Appellant guilty of the charged offense, and assessed Appellant's punishment at confinement for fifteen years and a fine of $3,500. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the motion to withdraw, the brief, the reporter's record, the clerk's record, and the supplemental clerk's record, and counsel has advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true to an alleged violation standing alone is sufficient to support a trial court's decision to revoke community supervision and to proceed to an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

---

[1]By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

March 5, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3